## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Pamela Nearhoof**, Plaintiff,**

**v.**

Standley & Associates, LLC**, Defendant.**

---

## COMPLAINT

---

### PARTIES

1.  Plaintiff Pamela Nearhoof is a resident of Colorado who presently resides at the following address: 7070 Brentwood Dr. in Colorado Springs, CO 80908.

2.  Defendant Standley & Associates, LLC is a resident of Colorado who is located at the following address: 5005 W. 81st Pl., Suite 200 in Westminster, CO 80031.

### JURISDICTION

3.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### BRIEF FACTUAL BACKGROUND

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.  Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

6.  At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

7.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around June 24, 2010, Defendant telephoned Plaintiff.

10. During this communication, Defendant threatened to serve Plaintiff with a summons if the debt was not paid.

11. During this communication, Defendant threatened to place a lien on Plaintiff's home if the debt was not paid.

12. On or around July 12, 2010, Defendant telephoned Plaintiff.

13. During this communication, Defendant threatened to garnish Plaintiff's wages if the debt was not paid.

14. During this communication, Defendant threatened to file a judgment against Plaintiff if the debt was not paid.

15. At the time of these communications, Defendant had neither the intent and/or ability to serve Plaintiff with a summons.

16. At the time of these communications, Defendant had neither the intent and/or ability to place a lien on Plaintiff's home.

17. At the time of these communications, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

18. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

19. Defendant violated the FDCPA.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## FIFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant engaged in conduct that was truly extreme and outrageous.

30. Defendant intended to inflict severe distress and/or knew that there was a high probability that their actions would cause severe emotional distress.

31. As a result of Defedant's extreme conduct, Plaintiff suffered severe emotional distress.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

  a.   Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

  b.   Judgment, in an amount to be determined at trial, against Defendant for the Intentional Infliction of Emotional Distress.

  c.   For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
*Attorneys for Plaintiff*